IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

ALEXANDRA SANCHEZ,                        )
                                          )
     Plaintiff,                          )
                                          )
     vs.                                 )  No. 4:23-CV-04007
                                          )  **LEAD CASE**
ROCK ISLAND COUNTY HEALTH                 )
DEPARTMENT, and ROCK ISLAND               )
COUNTY, ILLINOIS,                         )
                                          )
     Defendants.                         )
----------------------------------------------------------

IN RE:

DEANNA BRUMBAUGH,
                                  **MEMBER CASE**
     Plaintiff,                  (formerly No. 4:23-cv-04020)

DIANA ALLEN,
                                  **MEMBER CASE**
     Plaintiff,                  (formerly No. 4:23-cv-4066)

     And

SHERI DUHME,
                                  **MEMBER CASE**
     Plaintiff,                  (formerly No. 4:23-cv-4067)

## <u>AMENDED COMPLAINT</u>

     Plaintiffs, Alexandra Sanchez, Deanna Brumbaugh, Diana Allen and Sheri Duhme, by

and through their attorneys, Katz Nowinski P.C., for their Amended Complaint against

defendants Rock Island County Health Department, and Rock Island County, Illinois, state:

## COUNT I – TITLE VII RELIGIOUS DISCRIMINATION - SANCHEZ v. RICHD
### No. 4:23-CV-04007

1. Plaintiff Alexandra Sanchez is a resident of Rock Island, Rock Island County, State of Illinois and was at all material times herein employed by defendant Rock Island County Health Department.

2. Defendant, Rock Island County Health Department, operates a facility located in Rock Island, Rock Island County, Illinois.

3. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 3, 2021 or November 21, 2021, and has been issued her Right to Sue Letter by the EEOC, and has otherwise exhausted her administrative remedies. (Exhibit 1, a true and correct copy of the "Determination and Notice of Rights" from the EEOC dated September 28, 2022, is attached hereto and made a part of this Complaint.)

4. Exhibit 1 provides Plaintiff 90 days from the date of the Notice to commence an action "in a federal or state court."

5. This Plaintiff's Complaint was originally filed in the Circuit Court of Rock Island County within 90 days of September 28, 2022.

6. On January 13, 2023, Defendant Rock Island County Health Department filed its Notice of Removal to this Court pursuant to 28 U.S.C. 1441 and 1446, citing that this "Court has original jurisdiction under 28 U.S.C. 1331 because Plaintiff alleges she was discriminated against in her employment under Title VII Religious Discrimination."

7. Alexandra Sanchez began her employment with the Health Department on September 30, 2019 as a WIC Nutritionist.

2

8. At all times material to this claim, plaintiff performed her job duties to the satisfaction of her employer.

9. On August 26, 2021, Illinois Governor JB Pritzker issued Executive Order 2021-20 (COVlD-19 Executive Order No. 87).

10. Section 2 of the Executive Order sets forth the vaccination requirement for health care workers in the State of Illinois.

11. Rock Island County Health Department ("RICHD") employees are considered health care workers under this Executive Order.

12. Subsection (3) of the Executive Order allows individuals to request an exemption pursuant to a sincerely held religious belief, practice, or observance. ("e. Individuals are exempt from the requirement to be fully vaccinated against COVID-19 if. .. (2) vaccination would require the individual to violate or forgo a sincerely held religious belief, practice, or observance. Individuals who demonstrate they are exempt from the vaccination requirement shall undergo, at a minimum, weekly testing as provided for in Subsection (d).)."

13. On September 2, 2021, Nita Ludwig, Public Health Administrator of RICHD (hereinafter, Ms. Ludwig), called an all-staff meeting of RICHD employees.

14. During this meeting, Ms. Ludwig informed RICHD staff about the RICHD's COVID-19 requirements, effective September 13, 2021.

15. That same day, September 13, 2021, Ms. Ludwig sent an email to all RICHD employees.

16. Attached to the email was Governor Pritzker's Executive Order 2021-20 and a memorandum from RICHD dated September 2, 2021, discussing its COVID-19 vaccination requirements.

17. The email also contained links to religious and medical exemption forms.

18.  In part, the memorandum stated that all RICHD staff must submit proof of vaccination or a completed exemption form by October 15, 2021.

19.  The email also provided an October 12, 2021, deadline for RICHD employees to submit a religious exemption for Ms. Ludwig's review.

20. On October 8, 2021, Alexandra Sanchez submitted a request for religious exemption from RICHD's COVID-19 vaccination policy.

21. Alternatively, on or before October 12, 2021, Ms. Sanchez submitted her request for a vaccination exemption citing her religious beliefs.

22. Specifically, Ms. Sanchez stated: "It is my strongly held religious belief that my body is a temple of the Holy Spirit. Based on the scripture in 1 Corinthians 6: 19-20: 'Or do you not know that your body is a holy temple of the Holy Spirit within you, whom you have from God? You are not your own, for you were brought with a price. Therefore, honor God with your body. '"

23. Sanchez further stated it is the vaccine manufacturers' use of "aborted fetal cells as part of their development" that her faith "prohibits any participation or benefits from an abortion, no matter when the abortion took place".

24. Ms. Sanchez ultimately concluded that it is her "strong religious belief that these actions are an act of playing God."

4

25. Sanchez provided an alternative reason that she should be exempt from the vaccine mandate by stating "I had my antibodies tested for SARS-COV -2, and I had well over 1000 U/mL of antibodies. I am unaware when the infection occurred since I was asymptomatic with God's protection."

26.  In her exemption request, Ms. Sanchez provides the following alternative to receiving the vaccine: "1 am willing to comply with weekly testing, masking, and social distancing at work or get my antibodies tested as an alternative to the covid-19 shot. I will also stay vigilant if 1 do become sick and take the necessary precaution."

27. On October 14, 2021, Ms. Ludwig met with Ms. Sanchez to discuss Ms. Sanchez's request for a religious exemption from RICHD's COVID-19 vaccination policy.

28. On October 15, 2021, RICHD convened a pre- disciplinary meeting which included Sanchez, and Sanchez brought a representative from AFSCME Local 2025B with to the meeting.

29.  At the conclusion of the pre-disciplinary meeting, RICHD issued to Sanchez a Health Department Employee Discipline Report, and suspended her for two (2) weeks without pay.

30. On October 18, 2021, AFSCME Local 2025B grieved Sanchez's October 15, 2021, discipline.

31. On October 28, 2021, Sanchez provide Ms. Ludwig with an additional written statement concerning her religious beliefs as they pertain to the COVID-19 vaccine.

32. On October 28, 2021, a Step 1 Grievance meeting was convened between AFSCME Local 2025B Union stewards and representatives of the Joint Employers, including Ms. Ludwig, Janet Hill, and Gary Bryant.

33. On November 1, 2021, RICHD terminated the employment of Sanchez.

34.  On November 1, 2021, AFSCME Local 2025B grieved Sanchez's November 1, 2021, discharge.

35. On November 1 and 8, 2021, Jeff Stulir, the President of AFSCME Local 2025 A and B (hereinafter, Stulir), sent requests for information to Ms. Ludwig regarding the Sanchez discharge grievances.

36. On November 2, 2021. RICHD issued its step one denial of AFSCME Local 2025B's October 15, 2021, grievance of Sanchez's suspension.

37. On December 2, 2021, Defendant issued its step two denial of the suspension of Sanchez and of her termination.

38. After briefing, on September 3, 2022, the Arbitrator found in favor of Plaintiff, found that her suspension and discharge was not for just cause, and ordered that she be reinstated with full back pay and benefits.

39. Specifically, the Arbitrator found: "even though employees were noticed and allowed to file for religious exemptions, they were not really considered and were summarily dismissed."

40. The Arbitrator further found: "their beliefs were not questioned nor was their sincerity."

41. The Arbitrator further found: "No reason was given for their denial other than they had to be vaccinated because of workplace health and safety."

42. Ultimately, the Arbitrator concluded: "After considering the facts, arguments of the parties (including their cited cases), the Governor's EO, the OSHA including its

ETS, and [employers'] mission statement, the Arbitrator finds that there was no just

cause for the Grievants' termination."

43. Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.,*

prohibits employment discrimination on the basis of religion. See 42 U.S.C. §

2000e(k).

44. The statute defines religion as follows:  "The term 'religion' includes all aspects of

religious observance and practice, unless an employer demonstrates that he is

unable to reasonably accommodate an employee's or prospective employee's

religious observance or practice without undue hardship on the conduct of the

employer's business."  (42 U.S.C. § 2000e)j).)

45. Title VII thus requires employers to accommodate an employee's sincerely held

religious belief, observance, or practice unless the employer can demonstrate that

the accommodation would cause an undue hardship.

46. Sanchez grew up in the Roman Catholic Church.

47. While she no longer attends Mass, Sanchez still has faith and belief in God.

48. Sanchez took whatever vaccines were required through high school, including the

MMR and varicella (chicken pox) vaccines.

49. Those vaccines were her parents' choice.

50.  Taking a COVID-19 vaccine, (or choosing not to take a Covid-19 vaccine)

however, is Plaintiff's choice.

51. As part of her faith, Sanchez refused to be vaccinated against COVID-19 because

the vaccine manufactures used aborted fetal cells in their development.

52. Plaintiff's request for a religious exemption from being vaccinated against COVID-19 was an exercise of her faith, rather than an attempt to avoid being vaccinated for a non-religious reason.

53. Therefore, plaintiff sincerely holds her professed religious beliefs.

54. Title VII thus requires Defendant to accommodate Plaintiff's sincerely held religious beliefs on the subject unless it would cause an undue hardship.

55. Accommodation of Plaintiff's sincerely held religious beliefs does not impose an undue hardship must under the particular factual context of this case.

56. Accommodating Plaintiff does not create a genuine safety or security risk.

57. Defendant terminated Plaintiff on November 1, 2021 solely for failing to vaccinate against the Covid-19 virus, despite Plaintiff timely completing and filing a religious exemption.

58. Defendant thereby discriminated against Plaintiff on the basis of her religion in violation of 42 U.S.C. § 2000(e)-2 by terminating her on November 1, 2021.

59. As a direct and proximate result of the discriminatory termination, plaintiff has suffered damages that have not been or could not have been remedied by the union/administrative process and thus Plaintiff is entitled to fair and just compensation, including compensation to make her whole, including prejudgment interest on her backpay award, remuneration for loss of enjoyment of life, severe physical and emotional pain and suffering, embarrassment, humiliation and anxiety in the past, present and future.

60. In addition, to the extent that back pay awards took a credit for unemployment benefits paid to plaintiff Sanchez, plaintiff seeks reimbursement of the deduction

for unemployment compensation as Illinois does not provide a wage loss damages offset for unemployment benefits received in wrongful termination claims. See *Gomez v Finishing Co.,*(1st Dist., 2006) 369 Ill App 3d 711, 724.

61. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000-e(5)(k).

62. Plaintiff is also seeking an award of punitive or exemplary damages due to defendant's intentional acts of religious discrimination.

WHEREFORE, for the reasons stated herein, plaintiff Alexandra Sanchez, requests this court enter judgment in her favor and against defendant, Rock Island County Health Department, in an amount in excess of $75,000, plus the costs of this action, including reasonable attorneys' fees, as well as all other relief appropriate under the circumstances.

## COUNT II – TITLE VII RELIGIOUS DISCRIMINATION – BRUMBAUGH v. RICHD
### (formerly No. 4:23-cv-04020)

1. Plaintiff Deanna Brumbaugh is a resident of Rock Island, Rock Island County, State of Illinois and was at all material times herein employed by defendant Rock Island County Health Department.

2. Defendant, Rock Island County Health Department, operates a facility located in Rock Island, Rock Island County, Illinois.

3. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 31, 2021 or November 21, 2021, and has been issued her Right to Sue Letter by the EEOC, and has otherwise exhausted her administrative remedies.  (Exhibit 2, a true and correct copy of the

"Determination and Notice of Rights" from the EEOC dated November 3, 2022, is

attached hereto and made a part of this Complaint.)

4.  Exhibit 2 provides Plaintiff 90 days from the date of the Notice to commence

an action "in a federal or state court."

5.  This Plaintiff's Complaint was originally filed in the Circuit Court of Rock Island

County within 90 days of November 3, 2022.

6.  On February 2, 2023, Defendant Rock Island County Health Department filed its

Notice of Removal to this Court pursuant to 28 U.S.C. 1441 and 1446, citing that

"this Court has original jurisdiction over this case by operation of 28 U.S.C. 1331,"

and that "venue is proper in the United States District Court for the Central District of

Illinois, Rock Island Division, under 28 U.S.C. § 1391(b)(1)-(2)."

7.  Deanna Brumbaugh began her employment with the Health Department in November

2013.

8.  Defendant employed Plaintiff as a Sanitarian during the period of July 2019 to

November 2021.

9.  During all relevant times, Plaintiff was also a Registered Nurse.

10. At all times material to this claim, plaintiff performed her job duties to the

satisfaction of her employer.

11. On August 26, 2021, Illinois Governor JB Pritzker issued Executive Order 2021-20

(COVlD-19 Executive Order No. 87).

12. Section 2 of the Executive Order sets forth the vaccination requirement for health

care workers in the State of Illinois.

13. Rock Island County Health Department ("RICHD") employees are considered health care workers under this Executive Order.

14. Subsection (3) of the Executive Order allows individuals to request an exemption pursuant to a sincerely held religious belief, practice, or observance. ("e. Individuals are exempt from the requirement to be fully vaccinated against COVID-19 if. .. (2) vaccination would require the individual to violate or forgo a sincerely held religious belief, practice, or observance. Individuals who demonstrate they are exempt from the vaccination requirement shall undergo, at a minimum, weekly testing as provided for in Subsection (d).)."

15. On September 2, 2021, Nita Ludwig, Public Health Administrator of RICHD (hereinafter, Ms. Ludwig), called an all-staff meeting of RICHD employees.

16. During this meeting, Ms. Ludwig informed RICHD staff about the RICHD's COVID-19 requirements, effective September 13, 2021.

17. That same day, September 13, 2021, Ms. Ludwig sent an email to all RICHD employees.

18. Attached to the email was Governor Pritzker's Executive Order 2021-20 and a memorandum from RICHD dated September 2, 2021, discussing its COVID-19 vaccination requirements.

19. The email also contained links to religious and medical exemption forms.

20. In part, the memorandum stated that all RICHD staff must submit proof of vaccination or a completed exemption form by October 15, 2021.

21. The email also provided an October 12, 2021, deadline for RICHD employees to submit a religious exemption for Ms. Ludwig's review.

22. On October 1, 2021, Deanna Brumbaugh submitted a request for religious exemption from RICHD's COVID-19 vaccination policy.

23. Specifically, Brumbaugh wrote in her October 1, 2021 request:

> It is my strongly held religious belief that causes me to seek a religious exemption from the Covid shot. In Revelation chapter 13 verse 17 states that:
>
> > And that no man might buy or sell, save he that had the mark, or the name of the beast, or the number of his name (p. l078).
>
> To me, this passage very clearly reflects the world we are living in today. I am told that I may not hold a job, travel, or attend concerts among many other things, unless I can show a card that states I have taken a shot. I firmly believe that cards provided after taking the shot are the mark of the beast, and I fear eternal damnation if I were to accept the mark. My Grandparents raised me with a very religious background and my Grandpa was the preacher at church. I have been told many times about the Bible stories pertaining to the mark of the beast, the second coming of Christ and the end of times. My Grandparents were very adamant that this would occur in my lifetime and I believe that time has come.
>
> I had the Sars-Cov 2 virus on November 19, 2020. I did become sick enough to require medical intervention and I survived. I feel that God protected me then and that he will continue to protect me in these biblical times. Since the infection, I have had my antibodies tested three times and each time the numbers have increased, not decreased.
>
> In lieu of the shot, I would be willing to submit to weekly testing on my own time, to show that I remain virus free. I am also willing to have my antibodies tested at any interval you choose, to show that I still have protection. I will continue to wear my mask at work when social distancing is not possible and I will stay home if I develop Sars-Cov 2 symptoms.

24. On October 6, 2021, Ms. Ludwig met with Ms. Brumbaugh to discuss her request for a religious exemption from RICHD's COVID-19 vaccination policy.

25. Brumbaugh feared that Defendant would subject her to religious discrimination.

26. Brumbaugh thus did not disclose her grandfather's faith to Ludwig during her October 6, 2021 meeting concerning her request for a religious exemption.

27. On October 15, 2021, RICHD convened a pre-disciplinary meeting which included Brumbaugh, and Brumbaugh brought a representative from AFSCME Local 2025B with her to the meeting.

28.  At the conclusion of the pre-disciplinary meeting, RICHD issued to Brumbaugh a
     Health Department Employee Discipline Report, and suspended her for two (2)
     weeks without pay.

29. On October 18, 2021, AFSCME Local 2025B grieved Brumbaugh 's October 15,
     2021, discipline.

30. On October 19, 2021, Brumbaugh provided Ms. Ludwig with a written rebuttal to her
     October 15, 2021, Health Department Discipline Report.

31.  In her rebuttal to the October 15, 2021 Health Department Disciplinary Report,
     Brumbaugh provided Defendant with very personal examples about how prayer has
     been important: (1) to Ms. Brumbaugh in her everyday life; and (2) to Ms.
     Brumbaugh and her family during difficult periods in their lives.

32. Nonetheless, Brumbaugh stated that she has not, and will not, let her religious beliefs
     interfere with her doing her job at the RICHD.

33. Brumbaugh pointed out that she had personally vaccinated thousands of individuals
     in her community against COVID-19 during the pandemic.

34. Brumbaugh's request for a religious exemption from being vaccinated against
     COVID-19 was an exercise of her faith, not mere vaccine hesitancy, nor a part of a
     secular way of life.

35. On October 28, 2021, a Step 1 Grievance meeting was convened between AFSCME
     Local 2025B Union stewards and representatives of the Joint Employers, including
     Ms. Ludwig, Janet Hill, and Gary Bryant.

36. On November 1, 2021, RICHD terminated the employment of Brumbaugh.

13

37.  On November 1, 2021, AFSCME Local 2025B grieved Brumbaugh s November 1, 2021, discharge.

38. On November 1 and 8, 2021, Jeff Stulir, the President of AFSCME Local 2025 A and B (hereinafter, Stulir), sent requests for information to Ms. Ludwig regarding the Brumbaugh discharge grievances.

39. On November 2, 2021. RICHD issued its step one denial of AFSCME Local 2025B's October 15, 2021, grievance of Brumbaugh 's suspension.

40. On December 2, 2021, Defendant issued its step two denial of the suspension of Brumbaugh and of her termination.

41. After briefing, on September 3, 2022, the Arbitrator found in favor of Plaintiff, found that her suspension and discharge was not for just cause, and ordered that she be reinstated with full back pay and benefits.

42. Specifically, the Arbitrator found: "even though employees were noticed and allowed to file for religious exemptions, they were not really considered and were summarily dismissed."

43. The Arbitrator further found: "their beliefs were not questioned nor was their sincerity."

44. The Arbitrator further found: "No reason was given for their denial other than they had to be vaccinated because of workplace health and safety."

45. Ultimately, the Arbitrator concluded: "After considering the facts, arguments of the parties (including their cited cases), the Governor's EO, the OSHA including its ETS, and [employers'] mission statement, the Arbitrator finds that there was no just cause for the Grievants' termination."

46. Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.,* prohibits employment discrimination on the basis of religion. See 42 U.S.C. § 2000e(k).

47. The statute defines religion as follows:  "The term 'religion' includes all aspects of religious observance and practice, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."  (42 U.S.C. § 2000e)j).)

48. Title VII thus requires employers to accommodate an employee's sincerely held religious belief, observance, or practice unless the employer can demonstrate that the accommodation would cause an undue hardship.

49. Plaintiff's request for a religious exemption from being vaccinated against COVID-19 was an exercise of her faith, rather than an attempt to avoid being vaccinated for a non-religious reason.

50. Therefore, plaintiff sincerely holds her professed religious beliefs.

51. Title VII thus requires Defendant to accommodate Plaintiff's sincerely held religious beliefs on the subject unless it would cause an undue hardship.

52. Accommodation of Plaintiff's sincerely held religious beliefs does not impose an undue hardship under the particular factual context of this case.

53. Accommodating Plaintiff does not create a genuine safety or security risk.

54. Defendant terminated Plaintiff on November 1, 2021 solely for failing to vaccinate against the Covid-19 virus, despite Plaintiff timely completing and filing a religious exemption.

55. Defendant thereby discriminated against Plaintiff on the basis of her religion in violation of 42 U.S.C. § 2000(e)-2 by terminating her on November 1, 2021.

56. As a direct and proximate result of the discriminatory termination, plaintiff has suffered damages that have not been or could not have been remedied by the union/administrative process and thus Plaintiff is entitled to fair and just compensation, including compensation to make her whole, including prejudgment interest on her backpay award, remuneration for loss of enjoyment of life, severe physical and emotional pain and suffering, embarrassment, humiliation and anxiety in the past, present and future.

57. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000-e(5)(k).

58. Finally, Plaintiff Brumbaugh asserts a claim for compensation for unreimbursed medical bills still pending from the time she was off work and should have been provided medical coverage.

WHEREFORE, for the reasons stated herein, plaintiff Deanna Brumbaugh, requests this court enter judgment in her favor and against defendant, Rock Island County Health Department, in an amount in excess of $75,000, plus the costs of this action, including reasonable attorneys' fees, as well as all other relief appropriate under the circumstances.

## COUNT III – TITLE VII RELIGIOUS DISCRIMINATION – ALLEN v. RICHD
### (formerly No. 4:23-cv-4066)

1. Plaintiff Diana Allen is a resident of Rock Island, Rock Island County, State of Illinois and was at all material times herein employed by defendant Rock Island County Health Department.

2. Defendant, Rock Island County Health Department, operates a facility located in Rock Island, Rock Island County, Illinois.

3. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 20, 2022 and has been issued her Right to Sue Letter by the U.S. Department of Justice, and has otherwise exhausted her administrative remedies.  (Exhibit 3, a true and correct copy of the right-to-sue letter from the U.S. Department of Justice dated April 17, 2023, is attached hereto and made a part of this Complaint.)

4. Exhibit 3 provides Plaintiff 90 days from the date of the letter to commence an action "in a federal or state court."

5. This Complaint is filed in the Circuit Court of Rock Island County within 90 days of April 17, 2023.

6. Diana Allen began her employment with the Health Department in September 2007 as a Program Specialist.

7. Defendant employed Plaintiff as a Program Specialist during the period of September 2007 to November 2021.

8. At all times material to this claim, Plaintiff performed her job duties to the satisfaction of her employer.

9. On August 26, 2021, Illinois Governor JB Pritzker issued Executive Order 2021-20 (COVlD-19 Executive Order No. 87).

10. Section 2 of the Executive Order sets forth the vaccination requirement for health care workers in the State of Illinois.

11. Rock Island County Health Department ("RICHD") employees are considered health care workers under this Executive Order.

12. Subsection (3) of the Executive Order allows individuals to request an exemption pursuant to a sincerely held religious belief, practice, or observance. ("e. Individuals are exempt from the requirement to be fully vaccinated against COVID-19 if. .. (2) vaccination would require the individual to violate or forgo a sincerely held religious belief, practice, or observance. Individuals who demonstrate they are exempt from the vaccination requirement shall undergo, at a minimum, weekly testing as provided for in Subsection (d).)."

13. On September 2, 2021, Nita Ludwig, Public Health Administrator of RICHD (hereinafter, Ms. Ludwig), called an all-staff meeting of RICHD employees.

14. During this meeting, Ms. Ludwig informed RICHD staff about the RICHD's COVID-19 requirements, effective September 13, 2021.

15. That same day, September 13, 2021, Ms. Ludwig sent an email to all RICHD employees.

16. Attached to the email was Governor Pritzker's Executive Order 2021-20 and a memorandum from RICHD dated September 2, 2021, discussing its COVID-19 vaccination requirements.

17. The email also contained links to religious and medical exemption forms.

18. In part, the memorandum stated that all RICHD staff must submit proof of vaccination or a completed exemption form by October 15, 2021.

19. The email also provided an October 12, 2021, deadline for RICHD employees to submit a religious exemption for Ms. Ludwig's review.

20. On October 12, 2021, Diana Allen (hereinafter, Ms. Allen) submitted a request for religious exemption from RICHD's COVID-19 vaccination policy.

21. Specifically, Ms. Allen, quoting and citing passages from the Bible's First and Second Book of Corinthians: (1) discussed her own "great awakening"; (2) questioned how the Defendant could determine whether her request for a religious exemption was sincere because "God is the only one who truly knows a person's relationship with him"; (3) revealed that she anti- COVID-19 vaccine; and (4) explained how being anti-vaccine is based on her reading of the First and the Second Book of Corinthians.

22. Allen's request for a religious exemption from being vaccinated against COVID-19 is consistent with the beliefs and practices of an individual who has experienced a Biblical Great Awakening rather than a person trying to avoid being vaccinated for a non-religious reason.

23. On October 13, 2021, Ms. Ludwig called Ms. Allen to her office to discuss Ms. Allen's request for a religious exemption from RICHD's COVID-19 vaccination policy.

24. On October 15, 2021, RICHD convened a pre- disciplinary meeting, which included Allen, and Allen brought a representative from AFSCME Local 2025B with her to the meeting.

25. At the conclusion of the pre-disciplinary meeting, RICHD issued to Allen, a Health Department Employee Discipline Report, and suspended her for two (2) weeks without pay.

26. On November 1, 2021, RICHD terminated the employment of Ms. Allen.

27.  On November 1, 2021, AFSCME Local 2025B grieved Allen 's November 1, 2021, discharge.

28. On November 1 and 8, 2021, Jeff Stulir, the President of AFSCME Local 2025 A and B (hereinafter, Stulir), sent requests for information to Ms. Ludwig regarding the Allen discharge grievances.

29. On December 2, 2021, Defendant issued its step two denial of the termination of Allen.

30.  After briefing, on September 3, 2022, the Arbitrator found in favor of Plaintiff, found that her discharge was not for just cause, and ordered that she be reinstated with full back pay and benefits.

31. Specifically, the Arbitrator found: "even though employees were noticed and allowed to file for religious exemptions, they were not really considered and were summarily dismissed."

32. The Arbitrator further found: "their beliefs were not questioned nor was their sincerity."

33. The Arbitrator further found: "No reason was given for their denial other than they had to be vaccinated because of workplace health and safety."

34. Ultimately, the Arbitrator concluded: "After considering the facts, arguments of the parties (including their cited cases), the Governor's EO, the OSHA including its ETS, and [employers'] mission statement, the Arbitrator finds that there was no just cause for the Grievants' termination."

35. Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.,* prohibits employment discrimination on the basis of religion. See 42 U.S.C. § 2000e(k).

36. The statute defines religion as follows:  "The term 'religion' includes all aspects of religious observance and practice, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."  (42 U.S.C. § 2000e)j).)

37. Title VII thus requires employers to accommodate an employee's sincerely held religious belief, observance, or practice unless the employer can demonstrate that the accommodation would cause an undue hardship.

38. Plaintiff's request for a religious exemption from being vaccinated against COVID-19 was an exercise of her faith, rather than an attempt to avoid being vaccinated for a non-religious reason.

39. Therefore, plaintiff sincerely holds her professed religious beliefs.

40. Title VII thus requires Defendant to accommodate Plaintiff's sincerely held religious beliefs on the subject unless it would cause an undue hardship.

41. Accommodation of Plaintiff's sincerely held religious beliefs does not impose an undue hardship under the particular factual context of this case.

42. Accommodating Plaintiff does not create a genuine safety or security risk.

43. Defendant terminated Plaintiff on November 1, 2021 solely for failing to vaccinate against the Covid-19 virus, despite Plaintiff timely completing and filing a religious exemption.

44. Defendant thereby discriminated against Plaintiff on the basis of her religion in violation of 42 U.S.C. § 2000(e)-2 by terminating her on November 1, 2021.

45. As a direct and proximate result of the discriminatory termination, plaintiff has suffered damages that have not been or could not have been remedied by the union/administrative process and thus Plaintiff is entitled to fair and just compensation, including compensation to make her whole, including prejudgment interest on her backpay award, remuneration for loss of enjoyment of life, severe physical and emotional pain and suffering, embarrassment, humiliation and anxiety in the past, present and future.

46. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000-e(5)(k).

WHEREFORE, for the reasons stated herein, plaintiff Diana Allen, requests this court enter judgment in her favor and against defendant, Rock Island County Health Department, in an amount in excess of $75,000, plus the costs of this action and reasonable attorneys' fees, as well as all other relief appropriate under the circumstances.

## COUNT IV – TITLE VII RELIGIOUS DISCRIMINATION - DUHME v. RICHD
### (formerly No. 4:23-cv-4067)

1. Plaintiff Sheri Duhme is a resident of Maquoketa, Jackson County, State of Iowa, and was at all material times herein employed by defendant Rock Island County Health Department.

2. Defendant, Rock Island County Health Department, operates a facility located in Rock Island, Rock Island County, Illinois.

3. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 16, 2022, and has been issued her Right to Sue Letter by the U.S. Department of Justice, and has otherwise exhausted her administrative remedies.  (Exhibit 4, a true and correct copy of the right-to-sue letter from the U.S. Department of Justice dated April 18, 2023, is attached hereto and made a part of this Complaint.)

4. Exhibit 4 provides Plaintiff 90 days from the date of the Notice to commence an action "in a federal or state court."

5. This Plaintiff's Complaint was originally filed in the Circuit Court of Rock Island County within 90 days of April 18, 2023.

6. On April 27, 2023, Defendant Rock Island County Health Department filed its Notice of Removal to this Court pursuant to 28 U.S.C. 1441 and 1446, citing that "this Court has original jurisdiction over this case by operation of 28 U.S.C. 1331," and that "venue is proper in the United States District Court for the Central District of Illinois, Rock Island Division, under 28 U.S.C. § 1391(b)(1)-(2)."

7. Sheri Duhme began her employment with the Health Department on or about June 12, 2006 as a Sanitarian.

8. Defendant employed Plaintiff as a Sanitarian during the period of June 2006 to November 2021.

9. At all times material to this claim, plaintiff performed her job duties to the satisfaction of her employer.

10. On August 26, 2021, Illinois Governor JB Pritzker issued Executive Order 2021-20 (COVlD-19 Executive Order No. 87).

11. Section 2 of the Executive Order sets forth the vaccination requirement for health care workers in the State of Illinois.

12. Rock Island County Health Department ("RICHD") employees are considered health care workers under this Executive Order.

13. Subsection (3) of the Executive Order allows individuals to request an exemption pursuant to a sincerely held religious belief, practice, or observance. ("e. Individuals are exempt from the requirement to be fully vaccinated against COVID-19 if. .. (2) vaccination would require the individual to violate or forgo a sincerely held religious belief, practice, or observance. Individuals who demonstrate they are exempt from the vaccination requirement shall undergo, at a minimum, weekly testing as provided for in Subsection (d).)."

14. On September 2, 2021, Nita Ludwig, Public Health Administrator of RICHD (hereinafter, Ms. Ludwig), called an all-staff meeting of RICHD employees.

15. During this meeting, Ms. Ludwig informed RICHD staff about the RICHD's COVID-19 requirements, effective September 13, 2021.

16. That same day, September 13, 2021, Ms. Ludwig sent an email to all RICHD employees.

17. Attached to the email was Governor Pritzker's Executive Order 2021-20 and a memorandum from RICHD dated September 2, 2021, discussing its COVID-19 vaccination requirements.

18. The email also contained links to religious and medical exemption forms.

19. In part, the memorandum stated that all RICHD staff must submit proof of vaccination or a completed exemption form by October 15, 2021.

20. The email also provided an October 12, 2021, deadline for RICHD employees to submit a religious exemption for Ms. Ludwig's review.

21. On October 1, 2021, Sheri Duhme submitted a request for religious exemption from RICHD's COVID-19 vaccination policy.

22. Duhme explained that her objection to the COVID-19 vaccine was based on quotations from Chapter 13, Verses 16 - 17 from the Bible's Book of Revelations.

23. Duhme further analogized the COVID-19 vaccine with the Mark of the Beast.

24. Ms. Duhme explained: I believe that when society requires proof that you have the vaccine to go to college, to fly, or to even go to restaurants, that is the mark of the beast. If I cannot work without a vaccine, even when I have proof that I have had the disease, and I thus have no money to buy what I need (no insurance to go to the doctors, etc.), and I am therefore unable to participate in society, that is the work of evil, that is the mark of the beast."

25. Duhme ultimately concluded:

> My faith and religion does not start and stop at the doors of any church and does not hang on the words of any pastor or religious leader. My faith/religion is rooted in the Bible, it has grown out of my faith journey throughout my life and my life's experiences, it has matured during times of trauma and loss with God by my side. My request for a religious exemption from RICHD's COVID-19 vaccination policy is now my faith contract with God, and I cannot and will not put my immortal soul in jeopardy by taking a vaccine that I believe is the mark of the beast.

26. On October 12, 2021, Ms. Ludwig called Ms. Duhme to her office to discuss Ms. Duhme's request for a religious exemption from RICHD's COVID-19 vaccination policy

27. On October 15, 2021, RICHD convened a pre- disciplinary meeting which included Duhme, and Duhme brought a representative from AFSCME Local 2025B with to the meeting.

28.  At the conclusion of the pre-disciplinary meeting, RICHD issued to Duhme a Health Department Employee Discipline Report, and suspended her for two (2) weeks without pay.

29. On October 18, 2021, AFSCME Local 2025B grieved Duhme 's October 15, 2021, discipline.

30. On October 28, 2021, a Step 1 Grievance meeting was convened between AFSCME Local 2025B Union stewards and representatives of the Joint Employers, including Ms. Ludwig, Janet Hill, and Gary Bryant.

31. On November 1, 2021, RICHD terminated the employment of Ms. Duhme.

32.  On November 1, 2021, AFSCME Local 2025B grieved Duhme 's November 1, 2021, discharge.

33. On November 1 and 8, 2021, Jeff Stulir, the President of AFSCME Local 2025 A and B (hereinafter, Stulir), sent requests for information to Ms. Ludwig regarding the Duhme discharge grievances.

34. On November 2, 2021. RICHD issued its step one denial of AFSCME Local 2025B's October 15, 2021, grievance of Duhme's suspension.

35. On December 2, 2021, Defendant issued its step two denial of the suspension of Duhme and of her termination.

36. After briefing, on September 3, 2022, the Arbitrator found in favor of Plaintiff, found that her suspension and discharge was not for just cause, and ordered that she be reinstated with full back pay and benefits.

37. Specifically, the Arbitrator found: "even though employees were noticed and allowed to file for religious exemptions, they were not really considered and were summarily dismissed."

38. The Arbitrator further found: "their beliefs were not questioned nor was their sincerity."

39. The Arbitrator further found: "No reason was given for their denial other than they had to be vaccinated because of workplace health and safety."

40. Ultimately, the Arbitrator concluded: "After considering the facts, arguments of the parties (including their cited cases), the Governor's EO, the OSHA including its ETS, and [employers'] mission statement, the Arbitrator finds that there was no just cause for the Grievants' termination."

41. Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.,* prohibits employment discrimination on the basis of religion. See 42 U.S.C. § 2000e(k).

42. The statute defines religion as follows:  "The term 'religion' includes all aspects of religious observance and practice, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." (42 U.S.C. § 2000e)j).)

43. Title VII thus requires employers to accommodate an employee's sincerely held religious belief, observance, or practice unless the employer can demonstrate that the accommodation would cause an undue hardship.

44. Plaintiff's request for a religious exemption from being vaccinated against COVID-19 was an exercise of her faith, rather than an attempt to avoid being vaccinated for a non-religious reason.

45. Therefore, plaintiff sincerely holds her professed religious beliefs.

46. Title VII thus requires Defendant to accommodate Plaintiff's sincerely held religious beliefs on the subject unless it would cause an undue hardship.

47. Accommodation of Plaintiff's sincerely held religious beliefs does not impose an undue hardship must under the particular factual context of this case.

48. Accommodating Plaintiff does not create a genuine safety or security risk.

49. Defendant terminated Plaintiff on November 1, 2021 solely for failing to vaccinate against the Covid-19 virus, despite Plaintiff timely completing and filing a religious exemption.

50. Defendant thereby discriminated against Plaintiff on the basis of her religion in violation of 42 U.S.C. § 2000(e)-2 by terminating her on November 1, 2021.

51. As a direct and proximate result of the discriminatory termination, plaintiff has suffered damages that have not been or could not have been remedied by the union/administrative process and thus Plaintiff is entitled to fair and just compensation, including compensation to make her whole, including prejudgment interest on her backpay award, remuneration for loss of enjoyment of life, severe

physical and emotional pain and suffering, embarrassment, humiliation and anxiety in the past, present and future.

52. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000-e(5)(k).

53. Plaintiff is also seeking an award of punitive or exemplary damages due to defendant's intentional acts of religious discrimination.

WHEREFORE, for the reasons stated herein, plaintiff Sheri Duhme, requests this court enter judgment in her favor and against defendant, Rock Island County Health Department, in an amount in excess of $75,000, plus the costs of this action, including reasonable attorneys' fees, as well as all other relief appropriate under the circumstances.

## COUNT V – TITLE VII RELIGIOUS DISCRIMINATION - SANCHEZ v. ROCK ISLAND COUNTY

1. Plaintiff Alexandra Sanchez is a resident of Rock Island, Rock Island County, State of Illinois and was at all material times herein employed by defendant Rock Island County Health Department.

2. Defendant, Rock Island County, Illinois is a joint employer with Rock Island County Health Department, which operates a facility located in Rock Island, Rock Island County, Illinois.

3. Rock Island County stipulated in the union grievance proceedings for Plaintiff that it was a joint employer.

4. Specifically, as noted in the Union/Joint Employer "Arbitration Award" which Defendant Rock Island County Health Department attached as Exhibit A to its Motion to Dismiss:

The Joint Employers are the County of Rock Island, Illinois, and the Rock Island County Board of Health. The Rock Island County Board of Health runs the Rock Island Health Department. The Union is the American Federation of State, County and Municipal Employees, Council 31. Joint Employers and Union are parties to a collective bargaining agreement.

5.  Accordingly, Rock Island County, Illinois and Rock Island County Health Department are associated with respect to Plaintiff's employment such that they may be deemed to share control and constitute joint employers; or, alternatively, both entities exercise some control over the work and working conditions of Plaintiff such that they may be deemed joint employers.

6.  Defendants Rock Island County Health Department and Rock Island County, Illinois were represented by the same attorneys (in fact, the State's Attorney of Rock Island County) and Rock Island County, fully participated in the grievance procedure involving the same operative facts as in this Amended Complaint, thus Defendant Rock Island County was given adequate notice of the charge (which was filed by Plaintiff *pro se*) and opportunity to participate in conciliation proceedings aimed at voluntary compliance pursuant to *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905-906:

> where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party. *Davis v. Weidner*, 596 F.2d 726, 729 (7th Cir. 1979); *Williams v. General Foods Corp.*, supra, 492 F.2d at 404-05. Accord, *Romero v. Union Pacific Railroad Co.*, 615 F.2d 1303, 1311-12 (10th Cir. 1980); *Kaplan v. International Alliance of Theatrical and Stage Employees and Motion Picture Machine Operators*, 525 F.2d 1354, 1358-59 (9th Cir. 1975).

> The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charges. *Davis v. Weidner*, supra, 596 F.2d at 729, citing, *Love v. Pullman Co.*, 404 U.S. 522, 526-27, 92 S. Ct. 616, 618-619, 30 L. Ed. 2d 679 (1972). Complainants often file EEOC charges without the assistance of counsel and are not versed either in the

technicalities of pleading or the jurisdictional requirements of the Act itself. *Stevenson v. International Paper Co*., 432 F. Supp. 390, 395 (W.D.La.1977). They are also not expected to file EEOC charges which specifically articulate in precise terms, a narrow legal wrong which they have suffered, rather EEOC charges are typically detailed in lay person's terms. *Tillman v. City of Boaz*, 548 F.2d 592, 594 (5th Cir. 1977) (per curiam) (and the cases cited therein). It is noted, in addition, that Congress could not have intended that a person filing EEOC charges should accurately ascertain, at the risk of later facing dismissal, at the time the charges were made, every separate entity which may have violated Title VII. *Glus v. G. C. Murphy Co*., 562 F.2d 880, 888 (3d Cir. 1977) ("Glus I "). Thus, given the Act's remedial purposes, charges are to be construed with "utmost liberality" and parties sufficiently named or alluded to in the factual statement are to be joined. *Jenkins v. Blue Cross Mutual Hospital Insurance Inc*., 538 F.2d 164, 166-68 (7th Cir.), cert. denied, 429 U.S. 986, 97 S. Ct. 506, 50 L. Ed. 2d 598 (1976); *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 462-63, 465 (5th Cir. 1970); *Martin v. Easton Publishing Co*., 478 F. Supp. 796, 798 (E.D.Pa.1979) (and the cases cited therein).

7.  Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 3, 2021 or November 21, 2021, and has been issued her Right to Sue Letter by the EEOC, and has otherwise exhausted her administrative remedies.  (Exhibit 1, a true and correct copy of the "Determination and Notice of Rights" from the EEOC dated September 28, 2022, is attached hereto and made a part of this Complaint.) Exhibit 1 provides Plaintiff 90 days from the date of the Notice to commence an action "in a federal or state court."

8.  This Plaintiff's Complaint was originally filed in the Circuit Court of Rock Island County within 90 days of September 28, 2022.

9.  On January 13, 2023, Defendant Rock Island County Health Department filed its Notice of Removal to this Court pursuant to 28 U.S.C. 1441 and 1446, citing that this "Court has original jurisdiction under 28 U.S.C. 1331 because Plaintiff alleges she was discriminated against in her employment under Title VII Religious Discrimination."

10. Alexandra Sanchez began her employment with the Health Department on September 30, 2019 as a WIC Nutritionist.

11. At all times material to this claim, plaintiff performed her job duties to the satisfaction of her employer.

12. On August 26, 2021, Illinois Governor JB Pritzker issued Executive Order 2021-20 (COVlD-19 Executive Order No. 87).

13. Section 2 of the Executive Order sets forth the vaccination requirement for health care workers in the State of Illinois.

14. Rock Island County Health Department ("RICHD") employees are considered health care workers under this Executive Order.

15. Subsection (3) of the Executive Order allows individuals to request an exemption pursuant to a sincerely held religious belief, practice, or observance. ("e. Individuals are exempt from the requirement to be fully vaccinated against COVID-19 if. .. (2) vaccination would require the individual to violate or forgo a sincerely held religious belief, practice, or observance. Individuals who demonstrate they are exempt from the vaccination requirement shall undergo, at a minimum, weekly testing as provided for in Subsection (d).)."

16. On September 2, 2021, Nita Ludwig, Public Health Administrator of RICHD (hereinafter, Ms. Ludwig), called an all-staff meeting of RICHD employees.

17. During this meeting, Ms. Ludwig informed RICHD staff about the RICHD's COVID-19 requirements, effective September 13, 2021.

18. That same day, September 13, 2021, Ms. Ludwig sent an email to all RICHD employees.

19. Attached to the email was Governor Pritzker's Executive Order 2021-20 and a
    memorandum from RICHD dated September 2, 2021, discussing its COVID-19
    vaccination requirements.

20. The email also contained links to religious and medical exemption forms.

21. In part, the memorandum stated that all RICHD staff must submit proof of
    vaccination or a completed exemption form by October 15, 2021.

22. The email also provided an October 12, 2021, deadline for RICHD employees to
    submit a religious exemption for Ms. Ludwig's review.

23. On October 8, 2021, Alexandra Sanchez submitted a request for religious exemption
    from RICHD's COVID-19 vaccination policy.

24. Alternatively, on or before October 12, 2021, Ms. Sanchez submitted her request for a
    vaccination exemption citing her religious beliefs.

25. Specifically, Ms. Sanchez stated: "It is my strongly held religious belief that my body
    is a temple of the Holy Spirit. Based on the scripture in 1 Corinthians 6: 19-20: 'Or do
    you not know that your body is a holy temple of the Holy Spirit within you, whom
    you have from God? You are not your own, for you were brought with a price.
    Therefore, honor God with your body. '"

26. Sanchez further stated it is the vaccine manufacturers' use of "aborted fetal cells as
    part of their development" that her faith "prohibits any participation or benefits from
    an abortion, no matter when the abortion took place".

27. Ms. Sanchez ultimately concluded that it is her "strong religious belief that these
    actions are an act of playing God."

33

28. Sanchez provided an alternative reason that she should be exempt from the vaccine mandate by stating "I had my antibodies tested for SARS-COV -2, and I had well over 1000 U/mL of antibodies. I am unaware when the infection occurred since I was asymptomatic with God's protection."

29.  In her exemption request, Ms. Sanchez provides the following alternative to receiving the vaccine: "1 am willing to comply with weekly testing, masking, and social distancing at work or get my antibodies tested as an alternative to the covid-19 shot. I will also stay vigilant if 1 do become sick and take the necessary precaution."

30.  On October 14, 2021, Ms. Ludwig met with Ms. Sanchez to discuss Ms. Sanchez's request for a religious exemption from RICHD's COVID-19 vaccination policy.

31. On October 15, 2021, RICHD convened a pre- disciplinary meeting which included Sanchez, and Sanchez brought a representative from AFSCME Local 2025B with to the meeting.

32.  At the conclusion of the pre-disciplinary meeting, RICHD issued to Sanchez a Health Department Employee Discipline Report, and suspended her for two (2) weeks without pay.

33. On October 18, 2021, AFSCME Local 2025B grieved Sanchez's October 15, 2021, discipline.

34. On October 28, 2021, Sanchez provide Ms. Ludwig with an additional written statement concerning her religious beliefs as they pertain to the COVID-19 vaccine.

35. On October 28, 2021, a Step 1 Grievance meeting was convened between AFSCME Local 2025B Union stewards and representatives of the Joint Employers, including Ms. Ludwig, Janet Hill, and Gary Bryant.

36. On November 1, 2021, RICHD terminated the employment of Sanchez.

37.  On November 1, 2021, AFSCME Local 2025B grieved Sanchez's November 1, 2021, discharge.

38. On November 1 and 8, 2021, Jeff Stulir, the President of AFSCME Local 2025 A and B (hereinafter, Stulir), sent requests for information to Ms. Ludwig regarding the Sanchez discharge grievances.

39. On November 2, 2021. RICHD issued its step one denial of AFSCME Local 2025B's October 15, 2021, grievance of Sanchez's suspension.

40. On December 2, 2021, Defendant issued its step two denial of the suspension of Sanchez and of her termination.

41. After briefing, on September 3, 2022, the Arbitrator found in favor of Plaintiff, found that her suspension and discharge was not for just cause, and ordered that she be reinstated with full back pay and benefits.

42. Specifically, the Arbitrator found: "even though employees were noticed and allowed to file for religious exemptions, they were not really considered and were summarily dismissed."

43. The Arbitrator further found: "their beliefs were not questioned nor was their sincerity."

44. The Arbitrator further found: "No reason was given for their denial other than they had to be vaccinated because of workplace health and safety."

45. Ultimately, the Arbitrator concluded: "After considering the facts, arguments of the parties (including their cited cases), the Governor's EO, the OSHA including its

ETS, and [employers'] mission statement, the Arbitrator finds that there was no just cause for the Grievants' termination."

46. Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.,* prohibits employment discrimination on the basis of religion. See 42 U.S.C. § 2000e(k).

47. The statute defines religion as follows:  "The term 'religion' includes all aspects of religious observance and practice, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."  (42 U.S.C. § 2000e)j).)

48. Title VII thus requires employers to accommodate an employee's sincerely held religious belief, observance, or practice unless the employer can demonstrate that the accommodation would cause an undue hardship.

49. Sanchez grew up in the Roman Catholic Church.

50. While she no longer attends Mass, Sanchez still has faith and belief in God.

51. Sanchez took whatever vaccines were required through high school, including the MMR and varicella (chicken pox) vaccines.

52. Those vaccines were her parents' choice.

53.  Taking a COVID-19 vaccine, (or choosing not to take a Covid-19 vaccine) however, is Plaintiff's choice.

54. As part of her faith, Sanchez refused to be vaccinated against COVID-19 because the vaccine manufactures used aborted fetal cells in their development.

55. Plaintiff's request for a religious exemption from being vaccinated against COVID-19 was an exercise of her faith, rather than an attempt to avoid being vaccinated for a non-religious reason.

56. Therefore, plaintiff sincerely holds her professed religious beliefs.

57. Title VII thus requires Defendant to accommodate Plaintiff's sincerely held religious beliefs on the subject unless it would cause an undue hardship.

58. Accommodation of Plaintiff's sincerely held religious beliefs does not impose an undue hardship must under the particular factual context of this case.

59. Accommodating Plaintiff does not create a genuine safety or security risk.

60. Defendant terminated Plaintiff on November 1, 2021 solely for failing to vaccinate against the Covid-19 virus, despite Plaintiff timely completing and filing a religious exemption.

61. Defendant thereby discriminated against Plaintiff on the basis of her religion in violation of 42 U.S.C. § 2000(e)-2 by terminating her on November 1, 2021.

62. As a direct and proximate result of the discriminatory termination, plaintiff has suffered damages that have not been or could not have been remedied by the union/administrative process and thus Plaintiff is entitled to fair and just compensation, including compensation to make her whole, including prejudgment interest on her backpay award, remuneration for loss of enjoyment of life, severe physical and emotional pain and suffering, embarrassment, humiliation and anxiety in the past, present and future.

63. In addition, to the extent that back pay awards took a credit for unemployment benefits paid to Sanchez, plaintiff seeks reimbursement of the deduction for

unemployment compensation as Illinois does not provide a wage loss damages offset for unemployment benefits received in wrongful termination claims. See *Gomez v Finishing Co.,* (1st Dist., 2006) 369 Ill App 3d 711, 724.

64. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000-e(5)(k).

65. Plaintiff is also seeking an award of punitive or exemplary damages due to defendant's intentional acts of religious discrimination.

WHEREFORE, for the reasons stated herein, plaintiff Alexandra Sanchez, requests this court enter judgment in her favor and against defendant, Rock Island County, Illinois, in an amount in excess of $75,000, plus the costs of this action, including reasonable attorneys' fees, as well as all other relief appropriate under the circumstances.

## COUNT VI – TITLE VII RELIGIOUS DISCRIMINATION – BRUMBAUGH v. ROCK ISLAND COUNTY

1. Plaintiff Deanna Brumbaugh is a resident of Rock Island, Rock Island County, State of Illinois and was at all material times herein employed by defendant Rock Island County Health Department.

2. Defendant, Rock Island County, Illinois is a joint employer with Rock Island County Health Department, which operates a facility located in Rock Island, Rock Island County, Illinois.

3. Rock Island County stipulated in the union grievance proceedings for Plaintiff that it was a joint employer.

4.  Specifically, as noted in the Union/Joint Employer "Arbitration Award" which

    Defendant Rock Island County  Health Department attached as Exhibit A to its

    Motion to Dismiss:

> The Joint Employers are the County of Rock Island, Illinois, and the Rock
> Island County Board of Health. The Rock Island County Board of Health runs the
> Rock Island Health Department. The Union is the American Federation of State,
> County and Municipal Employees, Council 31. Joint Employers and Union are
> parties to a collective bargaining agreement.

5.  Accordingly, Rock Island County, Illinois and Rock Island County  Health

    Department are associated with respect to Plaintiff's employment such that they may

    be deemed to share control and constitute joint employers; or, alternatively, both

    entities exercise some control over the work and working conditions of Plaintiff such

    that they may be deemed joint employers.

6.  Defendants Rock Island County Health Department and Rock Island County, Illinois

    were represented by the same attorneys (in fact, the State's Attorney of Rock Island

    County) and Rock Island County fully participated in the grievance procedure

    involving the same operative facts as in this Amended Complaint, thus Defendant

    Rock Island County was given adequate notice of the charge (which was filed by

    Plaintiff *pro se*) and opportunity to participate in conciliation proceedings aimed at

    voluntary compliance pursuant to *Eggleston v. Chicago Journeymen Plumbers' Local

    Union No. 130*, 657 F.2d 890, 905-906:

> where an unnamed party has been provided with adequate notice of the
> charge, under circumstances where the party has been given the opportunity to
> participate in conciliation proceedings aimed at voluntary compliance, the charge
> is sufficient to confer jurisdiction over that party. *Davis v. Weidner*, 596 F.2d 726,
> 729 (7th Cir. 1979); *Williams v. General Foods Corp*., supra, 492 F.2d at 404-
> 05. Accord, *Romero v. Union Pacific Railroad Co*., 615 F.2d 1303, 1311-12 (10th
> Cir. 1980); *Kaplan v. International Alliance of Theatrical and Stage Employees
> and Motion Picture Machine Operators*, 525 F.2d 1354, 1358-59 (9th Cir. 1975).

The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charges. *Davis v. Weidner*, supra, 596 F.2d at 729, citing, *Love v. Pullman Co*., 404 U.S. 522, 526-27, 92 S. Ct.  616, 618-619, 30 L. Ed. 2d 679 (1972). Complainants often file EEOC charges without the assistance of counsel and are not versed either in the technicalities of pleading or the jurisdictional requirements of the Act itself. *Stevenson v. International Paper Co*., 432 F. Supp. 390, 395 (W.D.La.1977). They are also not expected to file EEOC charges which specifically articulate in precise terms, a narrow legal wrong which they have suffered, rather EEOC charges are typically detailed in lay person's terms. *Tillman v. City of Boaz*, 548 F.2d 592, 594 (5th Cir. 1977) (per curiam) (and the cases cited therein). It is noted, in addition, that Congress could not have intended that a person filing EEOC charges should accurately ascertain, at the risk of later facing dismissal, at the time the charges were made, every separate entity which may have violated Title VII. *Glus v. G. C. Murphy Co*., 562 F.2d 880, 888 (3d Cir. 1977) ("Glus I "). Thus, given the Act's remedial purposes, charges are to be construed with "utmost liberality" and parties sufficiently named or alluded to in the factual statement are to be joined. *Jenkins v. Blue Cross Mutual Hospital Insurance Inc*., 538 F.2d 164, 166-68 (7th Cir.), cert. denied, 429 U.S. 986, 97 S. Ct. 506, 50 L. Ed. 2d 598 (1976); *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 462-63, 465 (5th Cir. 1970); *Martin v. Easton Publishing Co*., 478 F. Supp. 796, 798 (E.D.Pa.1979) (and the cases cited therein).

7. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 31, 2021 or November 21, 2021, and has been issued her Right to Sue Letter by the EEOC, and has otherwise exhausted her administrative remedies.  (Exhibit 2, a true and correct copy of the "Determination and Notice of Rights" from the EEOC dated November 3, 2022, is attached hereto and made a part of this Complaint.)

8. Exhibit 2 provides Plaintiff 90 days from the date of the Notice to commence an action "in a federal or state court."

9. This Plaintiff's Complaint was originally filed in the Circuit Court of Rock Island County within 90 days of November 3, 2022.

40

10. On February 2, 2023, Defendant Rock Island County Health Department filed its

    Notice of Removal to this Court pursuant to 28 U.S.C. 1441 and 1446, citing that

    "this Court has original jurisdiction over this case by operation of 28 U.S.C. 1331,"

    and that "venue is proper in the United States District Court for the Central District of

    Illinois, Rock Island Division, under 28 U.S.C. § 1391(b)(1)-(2)."

11. Deanna Brumbaugh began her employment with the Health Department in November

    2013.

12. Defendant employed Plaintiff as a Sanitarian during the period of July 2019 to

    November 2021.

13. During all relevant times, Plaintiff was also a Registered Nurse.

14. At all times material to this claim, plaintiff performed her job duties to the

    satisfaction of her employer.

15. On August 26, 2021, Illinois Governor JB Pritzker issued Executive Order 2021-20

    (COVlD-19 Executive Order No. 87).

16. Section 2 of the Executive Order sets forth the vaccination requirement for health

    care workers in the State of Illinois.

17. Rock Island County Health Department ("RICHD") employees are considered health

    care workers under this Executive Order.

18. Subsection (3) of the Executive Order allows individuals to request an exemption

    pursuant to a sincerely held religious belief, practice, or observance. ("e. Individuals

    are exempt from the requirement to be fully vaccinated against COVID-19 if. .. (2)

    vaccination would require the individual to violate or forgo a sincerely held religious

    belief, practice, or observance. Individuals who demonstrate they are exempt from the

vaccination requirement shall undergo, at a minimum, weekly testing as provided for in Subsection (d).).”

19. On September 2, 2021, Nita Ludwig, Public Health Administrator of RICHD (hereinafter, Ms. Ludwig), called an all-staff meeting of RICHD employees.

20. During this meeting, Ms. Ludwig informed RICHD staff about the RICHD's COVID-19 requirements, effective September 13, 2021.

21. That same day, September 13, 2021, Ms. Ludwig sent an email to all RICHD employees.

22. Attached to the email was Governor Pritzker's Executive Order 2021-20 and a memorandum from RICHD dated September 2, 2021, discussing its COVID-19 vaccination requirements.

23. The email also contained links to religious and medical exemption forms.

24. In part, the memorandum stated that all RICHD staff must submit proof of vaccination or a completed exemption form by October 15, 2021.

25. The email also provided an October 12, 2021, deadline for RICHD employees to submit a religious exemption for Ms. Ludwig's review.

26. On October 1, 2021, Deanna Brumbaugh submitted a request for religious exemption from RICHD's COVID-19 vaccination policy.

27. Specifically, Brumbaugh wrote in her October 1, 2021 request:

> It is my strongly held religious belief that causes me to seek a religious exemption from the Covid shot. In Revelation chapter 13 verse 17 states that:
>
>> And that no man might buy or sell, save he that had the mark, or the name of the beast, or the number of his name (p. l078).
>
> To me, this passage very clearly reflects the world we are living in today. I am told that I may not hold a job, travel, or attend concerts among many other things, unless I can show a card

that states I have taken a shot. I firmly believe that cards provided after taking the shot are the mark of the beast, and I fear eternal damnation if I were to accept the mark. My Grandparents raised me with a very religious background and my Grandpa was the preacher at church. I have been told many times about the Bible stories pertaining to the mark of the beast, the second coming of Christ and the end of times. My Grandparents were very adamant that this would occur in my lifetime and I believe that time has come.

      I had the Sars-Cov 2 virus on November 19, 2020. I did become sick enough to require medical intervention and I survived. I feel that God protected me then and that he will continue to protect me in these biblical times. Since the infection, I have had my antibodies tested three times and each time the numbers have increased, not decreased.

      In lieu of the shot, I would be willing to submit to weekly testing on my own time, to show that I remain virus free. I am also willing to have my antibodies tested at any interval you choose, to show that I still have protection. I will continue to wear my mask at work when social distancing is not possible and I will stay home if I develop Sars-Cov 2 symptoms.

28. On October 6, 2021, Ms. Ludwig met with Ms. Brumbaugh to discuss her request for a religious exemption from RICHD's COVID-19 vaccination policy.

29. Brumbaugh feared that Defendant would subject her to religious discrimination.

30. Brumbaugh thus did not disclose her grandfather's faith to Ludwig during her October 6, 2021 meeting concerning her request for a religious exemption.

31. On October 15, 2021, RICHD convened a pre- disciplinary meeting which included Brumbaugh, and Brumbaugh brought a representative from AFSCME Local 2025B with her to the meeting.

32. At the conclusion of the pre-disciplinary meeting, RICHD issued to Brumbaugh a Health Department Employee Discipline Report, and suspended her for two (2) weeks without pay.

33. On October 18, 2021, AFSCME Local 2025B grieved Brumbaugh 's October 15, 2021, discipline.

34. On October 19, 2021, Brumbaugh provided Ms. Ludwig with a written rebuttal to her October 15, 2021, Health Department Discipline Report.

35.  In her rebuttal to the October 15, 2021 Health Department Disciplinary Report, Brumbaugh provided Defendant with very personal examples about how prayer has been important: (1) to Ms. Brumbaugh in her everyday life; and (2) to Ms. Brumbaugh and her family during difficult periods in their lives.

36. Nonetheless, Brumbaugh stated that she has not, and will not, let her religious beliefs interfere with her doing her job at the RICHD.

37. Brumbaugh pointed out that she had personally vaccinated thousands of individuals in her community against COVID-19 during the pandemic.

38. Brumbaugh's request for a religious exemption from being vaccinated against COVID-19 was an exercise of her faith, not mere vaccine hesitancy, nor a part of a secular way of life.

39. On October 28, 2021, a Step 1 Grievance meeting was convened between AFSCME Local 2025B Union stewards and representatives of the Joint Employers, including Ms. Ludwig, Janet Hill, and Gary Bryant.

40. On November 1, 2021, RICHD terminated the employment of Brumbaugh.

41.  On November 1, 2021, AFSCME Local 2025B grieved Brumbaugh s November 1, 2021, discharge.

42. On November 1 and 8, 2021, Jeff Stulir, the President of AFSCME Local 2025 A and B (hereinafter, Stulir), sent requests for information to Ms. Ludwig regarding the Brumbaugh discharge grievances.

43. On November 2, 2021. RICHD issued its step one denial of AFSCME Local 2025B's October 15, 2021, grievance of Brumbaugh 's suspension.

44. On December 2, 2021, Defendant issued its step two denial of the suspension of Brumbaugh and of her termination.

45. After briefing, on September 3, 2022, the Arbitrator found in favor of Plaintiff, found that her suspension and discharge was not for just cause, and ordered that she be reinstated with full back pay and benefits.

46. Specifically, the Arbitrator found: "even though employees were noticed and allowed to file for religious exemptions, they were not really considered and were summarily dismissed."

47. The Arbitrator further found: "their beliefs were not questioned nor was their sincerity."

48. The Arbitrator further found: "No reason was given for their denial other than they had to be vaccinated because of workplace health and safety."

49. Ultimately, the Arbitrator concluded: "After considering the facts, arguments of the parties (including their cited cases), the Governor's EO, the OSHA including its ETS, and [employers'] mission statement, the Arbitrator finds that there was no just cause for the Grievants' termination."

50. Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.,* prohibits employment discrimination on the basis of religion. See 42 U.S.C. § 2000e(k).

51. The statute defines religion as follows:  "The term 'religion' includes all aspects of religious observance and practice, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's

religious observance or practice without undue hardship on the conduct of the

employer's business." (42 U.S.C. § 2000e)j).)

52. Title VII thus requires employers to accommodate an employee's sincerely held

religious belief, observance, or practice unless the employer can demonstrate that

the accommodation would cause an undue hardship.

53. Plaintiff's request for a religious exemption from being vaccinated against

COVID-19 was an exercise of her faith, rather than an attempt to avoid being

vaccinated for a non-religious reason.

54. Therefore, plaintiff sincerely holds her professed religious beliefs.

55. Title VII thus requires Defendant to accommodate Plaintiff's sincerely held

religious beliefs on the subject unless it would cause an undue hardship.

56. Accommodation of Plaintiff's sincerely held religious beliefs does not impose an

undue hardship under the particular factual context of this case.

57. Accommodating Plaintiff does not create a genuine safety or security risk.

58. Defendant terminated Plaintiff on November 1, 2021 solely for failing to vaccinate

against the Covid-19 virus, despite Plaintiff timely completing and filing a

religious exemption.

59. Defendant thereby discriminated against Plaintiff on the basis of her religion in

violation of 42 U.S.C. § 2000(e)-2 by terminating her on November 1, 2021.

60. As a direct and proximate result of the discriminatory termination, plaintiff has

suffered damages that have not been or could not have been remedied by the

union/administrative process and thus Plaintiff is entitled to fair and just

compensation, including compensation to make her whole, including prejudgment

46

interest on her backpay award, remuneration for loss of enjoyment of life, severe physical and emotional pain and suffering, embarrassment, humiliation and anxiety in the past, present and future.

61. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000-e(5)(k).

62. Finally, Plaintiff Brumbaugh asserts a claim for compensation for unreimbursed medical bills still pending from the time she was off work and should have been provided medical coverage.

WHEREFORE, for the reasons stated herein, plaintiff Deanna Brumbaugh, requests this court enter judgment in her favor and against defendant, Rock Island County, Illinois, in an amount in excess of $75,000, plus the costs of this action, including reasonable attorneys' fees, as well as all other relief appropriate under the circumstances.

## COUNT VII – TITLE VII RELIGIOUS DISCRIMINATION – ALLEN v. ROCK ISLAND COUNTY, ILLINOIS

1. Plaintiff Diana Allen is a resident of Rock Island, Rock Island County, State of Illinois and was at all material times herein employed by defendant Rock Island County Health Department.

2. Defendant, Rock Island County, Illinois is a joint employer with Rock Island County Health Department, which operates a facility located in Rock Island, Rock Island County, Illinois.

3. Rock Island County stipulated in the union grievance proceedings for Plaintiff that it was a joint employer.

4.  Specifically, as noted in the Union/Joint Employer "Arbitration Award" which

     Defendant Rock Island County Health Department attached as Exhibit A to its

     Motion to Dismiss:

> The Joint Employers are the County of Rock Island, Illinois, and the Rock
> Island County Board of Health. The Rock Island County Board of Health runs the
> Rock Island Health Department. The Union is the American Federation of State,
> County and Municipal Employees, Council 31. Joint Employers and Union are
> parties to a collective bargaining agreement.

5.  Accordingly, Rock Island County, Illinois and Rock Island County  Health

     Department are associated with respect to Plaintiff's employment such that they may

     be deemed to share control and constitute joint employers; or, alternatively, both

     entities exercise some control over the work and working conditions of Plaintiff such

     that they may be deemed joint employers.

6.  Defendants Rock Island County Health Department and Rock Island County, Illinois

     were represented by the same attorneys (in fact, the State's Attorney of Rock Island

     County) and Rock Island County fully participated in the grievance procedure

     involving the same operative facts as in this Amended Complaint, thus Defendant

     Rock Island County was given adequate notice of the charge (which was filed by

     Plaintiff *pro se*) and opportunity to participate in conciliation proceedings aimed at

     voluntary compliance pursuant to *Eggleston v. Chicago Journeymen Plumbers' Local

     Union No. 130*, 657 F.2d 890, 905-906:

> where an unnamed party has been provided with adequate notice of the
> charge, under circumstances where the party has been given the opportunity to
> participate in conciliation proceedings aimed at voluntary compliance, the charge
> is sufficient to confer jurisdiction over that party. *Davis v. Weidner*, 596 F.2d 726,
> 729 (7th Cir. 1979); *Williams v. General Foods Corp*., supra, 492 F.2d at 404-
> 05. Accord, *Romero v. Union Pacific Railroad Co*., 615 F.2d 1303, 1311-12 (10th
> Cir. 1980); *Kaplan v. International Alliance of Theatrical and Stage Employees
> and Motion Picture Machine Operators*, 525 F.2d 1354, 1358-59 (9th Cir. 1975).

The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charges. *Davis v. Weidner*, supra, 596 F.2d at 729, citing, *Love v. Pullman Co*., 404 U.S. 522, 526-27, 92 S. Ct.  616, 618-619, 30 L. Ed. 2d 679 (1972). Complainants often file EEOC charges without the assistance of counsel and are not versed either in the technicalities of pleading or the jurisdictional requirements of the Act itself. *Stevenson v. International Paper Co*., 432 F. Supp. 390, 395 (W.D.La.1977). They are also not expected to file EEOC charges which specifically articulate in precise terms, a narrow legal wrong they have suffered, rather EEOC charges are typically detailed in lay person's terms. *Tillman v. City of Boaz*, 548 F.2d 592, 594 (5th Cir. 1977) (per curiam) (and the cases cited therein). It is noted, in addition, that Congress could not have intended that a person filing EEOC charges should accurately ascertain, at the risk of later facing dismissal, at the time the charges were made, every separate entity which may have violated Title VII. *Glus v. G. C. Murphy Co*., 562 F.2d 880, 888 (3d Cir. 1977) ("Glus I "). Thus, given the Act's remedial purposes, charges are to be construed with "utmost liberality" and parties sufficiently named or alluded to in the factual statement are to be joined. *Jenkins v. Blue Cross Mutual Hospital Insurance Inc*., 538 F.2d 164, 166-68 (7th Cir.), cert. denied, 429 U.S. 986, 97 S. Ct. 506, 50 L. Ed. 2d 598 (1976); *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 462-63, 465 (5th Cir. 1970); *Martin v. Easton Publishing Co*., 478 F. Supp. 796, 798 (E.D.Pa.1979) (and the cases cited therein).

7.  Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 20, 2022 and has been issued her Right to Sue Letter by the U.S. Department of Justice, and has otherwise exhausted her administrative remedies.  (Exhibit 3, a true and correct copy of the right-to-sue letter from the U.S. Department of Justice dated April 17, 2023, is attached hereto and made a part of this Complaint.)

8.  Exhibit 3 provides Plaintiff 90 days from the date of the letter to commence an action "in a federal or state court."

9.  This Complaint is filed in the Circuit Court of Rock Island County within 90 days of April 17, 2023.

10. Diana Allen began her employment with the Health Department in September 2007 as a Program Specialist.

11. Defendant employed Plaintiff as a Program Specialist during the period of September 2007 to November 2021.

12. At all times material to this claim, Plaintiff performed her job duties to the satisfaction of her employer.

13. On August 26, 2021, Illinois Governor JB Pritzker issued Executive Order 2021-20 (COVlD-19 Executive Order No. 87).

14. Section 2 of the Executive Order sets forth the vaccination requirement for health care workers in the State of Illinois.

15. Rock Island County Health Department ("RICHD") employees are considered health care workers under this Executive Order.

16. Subsection (3) of the Executive Order allows individuals to request an exemption pursuant to a sincerely held religious belief, practice, or observance. ("e. Individuals are exempt from the requirement to be fully vaccinated against COVID-19 if. .. (2) vaccination would require the individual to violate or forgo a sincerely held religious belief, practice, or observance. Individuals who demonstrate they are exempt from the vaccination requirement shall undergo, at a minimum, weekly testing as provided for in Subsection (d).)."

17. On September 2, 2021, Nita Ludwig, Public Health Administrator of RICHD (hereinafter, Ms. Ludwig), called an all-staff meeting of RICHD employees.

18. During this meeting, Ms. Ludwig informed RICHD staff about the RICHD's COVID-19 requirements, effective September 13, 2021.

19. That same day, September 13, 2021, Ms. Ludwig sent an email to all RICHD employees.

20. Attached to the email was Governor Pritzker's Executive Order 2021-20 and a memorandum from RICHD dated September 2, 2021, discussing its COVID-19 vaccination requirements.

21. The email also contained links to religious and medical exemption forms.

22. In part, the memorandum stated that all RICHD staff must submit proof of vaccination or a completed exemption form by October 15, 2021.

23. The email also provided an October 12, 2021, deadline for RICHD employees to submit a religious exemption for Ms. Ludwig's review.

24. On October 12, 2021, Diana Allen (hereinafter, Ms. Allen) submitted a request for religious exemption from RICHD's COVID-19 vaccination policy.

25. Specifically, Ms. Allen, quoting and citing passages from the Bible's First and Second Book of Corinthians: (1) discussed her own "great awakening"; (2) questioned how the Defendant could determine whether her request for a religious exemption was sincere because "God is the only one who truly knows a person's relationship with him"; (3) revealed that she anti- COVID-19 vaccine; and (4) explained how being anti-vaccine is based on her reading of the First and the Second Book of Corinthians.

26. Allen's request for a religious exemption from being vaccinated against COVID-19 is consistent with the beliefs and practices of an individual who has experienced a Biblical Great Awakening rather than a person trying to avoid being vaccinated for a non-religious reason.

27. On October 13, 2021, Ms. Ludwig called Ms. Allen to her office to discuss Ms. Allen's request for a religious exemption from RICHD's COVID-19 vaccination policy.

28. On October 15, 2021, RICHD convened a pre- disciplinary meeting, which included Allen, and Allen brought a representative from AFSCME Local 2025B with her to the meeting.

29. At the conclusion of the pre-disciplinary meeting, RICHD issued to Allen, a Health Department Employee Discipline Report, and suspended her for two (2) weeks without pay.

30. On November 1, 2021, RICHD terminated the employment of Ms. Allen.

31. On November 1, 2021, AFSCME Local 2025B grieved Allen 's November 1, 2021, discharge.

32. On November 1 and 8, 2021, Jeff Stulir, the President of AFSCME Local 2025 A and B (hereinafter, Stulir), sent requests for information to Ms. Ludwig regarding the Allen discharge grievances.

33. On December 2, 2021, Defendant issued its step two denial of the termination of Allen.

34. After briefing, on September 3, 2022, the Arbitrator found in favor of Plaintiff, found that her discharge was not for just cause, and ordered that she be reinstated with full back pay and benefits.

35. Specifically, the Arbitrator found: "even though employees were noticed and allowed to file for religious exemptions, they were not really considered and were summarily dismissed."

36. The Arbitrator further found: "their beliefs were not questioned nor was their sincerity."

37. The Arbitrator further found: "No reason was given for their denial other than they had to be vaccinated because of workplace health and safety."

38. Ultimately, the Arbitrator concluded: "After considering the facts, arguments of the parties (including their cited cases), the Governor's EO, the OSHA including its ETS, and [employers'] mission statement, the Arbitrator finds that there was no just cause for the Grievants' termination."

39. Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.,* prohibits employment discrimination on the basis of religion. See 42 U.S.C. § 2000e(k).

40. The statute defines religion as follows:  "The term 'religion' includes all aspects of religious observance and practice, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."  (42 U.S.C. § 2000e)j).)

41. Title VII thus requires employers to accommodate an employee's sincerely held religious belief, observance, or practice unless the employer can demonstrate that the accommodation would cause an undue hardship.

42. Plaintiff's request for a religious exemption from being vaccinated against COVID-19 was an exercise of her faith, rather than an attempt to avoid being vaccinated for a non-religious reason.

43. Therefore, plaintiff sincerely holds her professed religious beliefs.

44. Title VII thus requires Defendant to accommodate Plaintiff's sincerely held religious beliefs on the subject unless it would cause an undue hardship.

45. Accommodation of Plaintiff's sincerely held religious beliefs does not impose an undue hardship under the particular factual context of this case.

46. Accommodating Plaintiff does not create a genuine safety or security risk.

47. Defendant terminated Plaintiff on November 1, 2021 solely for failing to vaccinate against the Covid-19 virus, despite Plaintiff timely completing and filing a religious exemption.

48. Defendant thereby discriminated against Plaintiff on the basis of her religion in violation of 42 U.S.C. § 2000(e)-2 by terminating her on November 1, 2021.

49. As a direct and proximate result of the discriminatory termination, plaintiff has suffered damages that have not been or could not have been remedied by the union/administrative process and thus Plaintiff is entitled to fair and just compensation, including compensation to make her whole, including prejudgment interest on her backpay award, remuneration for loss of enjoyment of life, severe physical and emotional pain and suffering, embarrassment, humiliation and anxiety in the past, present and future.

50. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000-e(5)(k).

WHEREFORE, for the reasons stated herein, plaintiff Diana Allen, requests this court enter judgment in her favor and against defendant, Rock Island County, Illinois, in an amount in excess of $75,000, plus the costs of this action and reasonable attorneys' fees, as well as all other relief appropriate under the circumstances.

54

## COUNT VIII – TITLE VII RELIGIOUS DISCRIMINATION - DUHME v. ROCK ISLAND COUNTY, ILLINOIS

1. Plaintiff Sheri Duhme is a resident of Maquoketa, Jackson County, State of Iowa, and was at all material times herein employed by defendant Rock Island County Health Department.

2. Defendant, Rock Island County, Illinois is a joint employer with Rock Island County Health Department, which operates a facility located in Rock Island, Rock Island County, Illinois.

3. Rock Island County stipulated in the union grievance proceedings for Plaintiff that it was a joint employer.

4. Specifically, as noted in the Union/Joint Employer "Arbitration Award" which Defendant Rock Island County  Health Department attached as Exhibit A to its Motion to Dismiss:

   > The Joint Employers are the County of Rock Island, Illinois, and the Rock Island County Board of Health. The Rock Island County Board of Health runs the Rock Island Health Department. The Union is the American Federation of State, County and Municipal Employees, Council 31. Joint Employers and Union are parties to a collective bargaining agreement.

5. Accordingly, Rock Island County, Illinois and Rock Island County  Health Department are associated with respect to Plaintiff's employment such that they may be deemed to share control and constitute joint employers; or, alternatively, both entities exercise some control over the work and working conditions of Plaintiff such that they may be deemed joint employers.

6. Defendants Rock Island County Health Department and Rock Island County, Illinois were represented by the same attorneys (in fact, the State's Attorney of Rock Island

County) and Rock Island County fully participated in the grievance procedure

involving the same operative facts as in this Amended Complaint, thus Defendant

Rock Island County was given adequate notice of the charge (which was filed by

Plaintiff *pro se*) and opportunity to participate in conciliation proceedings aimed at

voluntary compliance pursuant to *Eggleston v. Chicago Journeymen Plumbers' Local

Union No. 130*, 657 F.2d 890, 905-906:

> where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party. *Davis v. Weidner*, 596 F.2d 726, 729 (7th Cir. 1979); *Williams v. General Foods Corp.*, supra, 492 F.2d at 404-05. Accord, *Romero v. Union Pacific Railroad Co.*, 615 F.2d 1303, 1311-12 (10th Cir. 1980); *Kaplan v. International Alliance of Theatrical and Stage Employees and Motion Picture Machine Operators*, 525 F.2d 1354, 1358-59 (9th Cir. 1975).

> The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charges. *Davis v. Weidner*, supra, 596 F.2d at 729, citing, *Love v. Pullman Co.*, 404 U.S. 522, 526-27, 92 S. Ct. 616, 618-619, 30 L. Ed. 2d 679 (1972). Complainants often file EEOC charges without the assistance of counsel and are not versed either in the technicalities of pleading or the jurisdictional requirements of the Act itself. *Stevenson v. International Paper Co.*, 432 F. Supp. 390, 395 (W.D.La.1977). They are also not expected to file EEOC charges which specifically articulate in precise terms, a narrow legal wrong which they have suffered, rather EEOC charges are typically detailed in lay person's terms. *Tillman v. City of Boaz*, 548 F.2d 592, 594 (5th Cir. 1977) (per curiam) (and the cases cited therein). It is noted, in addition, that Congress could not have intended that a person filing EEOC charges should accurately ascertain, at the risk of later facing dismissal, at the time the charges were made, every separate entity which may have violated Title VII. *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977) ("Glus I "). Thus, given the Act's remedial purposes, charges are to be construed with "utmost liberality" and parties sufficiently named or alluded to in the factual statement are to be joined. *Jenkins v. Blue Cross Mutual Hospital Insurance Inc.*, 538 F.2d 164, 166-68 (7th Cir.), cert. denied, 429 U.S. 986, 97 S. Ct. 506, 50 L. Ed. 2d 598 (1976); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462-63, 465 (5th Cir. 1970); *Martin v. Easton Publishing Co.*, 478 F. Supp. 796, 798 (E.D.Pa.1979) (and the cases cited therein).

7. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 16, 2022, and has been issued her Right to Sue Letter by the U.S. Department of Justice, and has otherwise exhausted her administrative remedies.  (Exhibit 4, a true and correct copy of the right-to-sue letter from the U.S. Department of Justice dated April 18, 2023, is attached hereto and made a part of this Complaint.)

8. Exhibit 4 provides Plaintiff 90 days from the date of the Notice to commence an action "in a federal or state court."

9. This Plaintiff's Complaint was originally filed in the Circuit Court of Rock Island County within 90 days of April 18, 2023.

10. On April 27, 2023, Defendant Rock Island County Health Department filed its Notice of Removal to this Court pursuant to 28 U.S.C. 1441 and 1446, citing that "this Court has original jurisdiction over this case by operation of 28 U.S.C. 1331," and that "venue is proper in the United States District Court for the Central District of Illinois, Rock Island Division, under 28 U.S.C. § 1391(b)(1)-(2)."

11. Sheri Duhme began her employment with the Health Department on or about June 12, 2006 as a Sanitarian.

12. Defendant employed Plaintiff as a Sanitarian during the period of June 2006 to November 2021.

13. At all times material to this claim, plaintiff performed her job duties to the satisfaction of her employer.

14. On August 26, 2021, Illinois Governor JB Pritzker issued Executive Order 2021-20 (COVlD-19 Executive Order No. 87).

15. Section 2 of the Executive Order sets forth the vaccination requirement for health care workers in the State of Illinois.

16. Rock Island County Health Department ("RICHD") employees are considered health care workers under this Executive Order.

17. Subsection (3) of the Executive Order allows individuals to request an exemption pursuant to a sincerely held religious belief, practice, or observance. ("e. Individuals are exempt from the requirement to be fully vaccinated against COVID-19 if. .. (2) vaccination would require the individual to violate or forgo a sincerely held religious belief, practice, or observance. Individuals who demonstrate they are exempt from the vaccination requirement shall undergo, at a minimum, weekly testing as provided for in Subsection (d).).")

18. On September 2, 2021, Nita Ludwig, Public Health Administrator of RICHD (hereinafter, Ms. Ludwig), called an all-staff meeting of RICHD employees.

19. During this meeting, Ms. Ludwig informed RICHD staff about the RICHD's COVID-19 requirements, effective September 13, 2021.

20. That same day, September 13, 2021, Ms. Ludwig sent an email to all RICHD employees.

21. Attached to the email was Governor Pritzker's Executive Order 2021-20 and a memorandum from RICHD dated September 2, 2021, discussing its COVID-19 vaccination requirements.

22. The email also contained links to religious and medical exemption forms.

23. In part, the memorandum stated that all RICHD staff must submit proof of vaccination or a completed exemption form by October 15, 2021.

24.  The email also provided an October 12, 2021, deadline for RICHD employees to submit a religious exemption for Ms. Ludwig's review.

25. On October 1, 2021, Sheri Duhme submitted a request for religious exemption from RICHD's COVID-19 vaccination policy.

26. Duhme explained that her objection to the COVID-19 vaccine was based on quotations from Chapter 13, Verses 16 - 17 from the Bible's Book of Revelations.

27. Duhme further analogized the COVID-19 vaccine with the Mark of the Beast.

28. Ms. Duhme explained: I believe that when society requires proof that you have the vaccine to go to college, to fly, or to even go to restaurants, that is the mark of the beast. If I cannot work without a vaccine, even when I have proof that I have had the disease, and I thus have no money to buy what I need (no insurance to go to the doctors, etc.), and I am therefore unable to participate in society, that is the work of evil, that is the mark of the beast."

29. Duhme ultimately concluded:

   My faith and religion does not start and stop at the doors of any church and does not hang on the words of any pastor or religious leader. My faith/religion is rooted in the Bible, it has grown out of my faith journey throughout my life and my life's experiences, it has matured during times of trauma and loss with God by my side. My request for a religious exemption from RICHD's COVID-19 vaccination policy is now my faith contract with God, and I cannot and will not put my immortal soul in jeopardy by taking a vaccine that I believe is the mark of the beast.

30. On October 12, 2021, Ms. Ludwig called Ms. Duhme to her office to discuss Ms. Duhme's request for a religious exemption from RICHD's COVID-19 vaccination policy

31. On October 15, 2021, RICHD convened a pre- disciplinary meeting which included Duhme, and Duhme brought a representative from AFSCME Local 2025B with to the meeting.

32. At the conclusion of the pre-disciplinary meeting, RICHD issued to Duhme a Health Department Employee Discipline Report, and suspended her for two (2) weeks without pay.

33. On October 18, 2021, AFSCME Local 2025B grieved Duhme 's October 15, 2021, discipline.

34. On October 28, 2021, a Step 1 Grievance meeting was convened between AFSCME Local 2025B Union stewards and representatives of the Joint Employers, including Ms. Ludwig, Janet Hill, and Gary Bryant.

35. On November 1, 2021, RICHD terminated the employment of Ms. Duhme.

36. On November 1, 2021, AFSCME Local 2025B grieved Duhme 's November 1, 2021, discharge.

37. On November 1 and 8, 2021, Jeff Stulir, the President of AFSCME Local 2025 A and B (hereinafter, Stulir), sent requests for information to Ms. Ludwig regarding the Duhme discharge grievances.

38. On November 2, 2021. RICHD issued its step one denial of AFSCME Local 2025B's October 15, 2021, grievance of Duhme's suspension.

39. On December 2, 2021, Defendant issued its step two denial of the suspension of Duhme and of her termination.

40. After briefing, on September 3, 2022, the Arbitrator found in favor of Plaintiff, found that her suspension and discharge was not for just cause, and ordered that she be reinstated with full back pay and benefits.

41. Specifically, the Arbitrator found: "even though employees were noticed and allowed to file for religious exemptions, they were not really considered and were summarily dismissed."

42. The Arbitrator further found: "their beliefs were not questioned nor was their sincerity."

43. The Arbitrator further found: "No reason was given for their denial other than they had to be vaccinated because of workplace health and safety."

44. Ultimately, the Arbitrator concluded: "After considering the facts, arguments of the parties (including their cited cases), the Governor's EO, the OSHA including its ETS, and [employers'] mission statement, the Arbitrator finds that there was no just cause for the Grievants' termination."

45. Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, prohibits employment discrimination on the basis of religion. See 42 U.S.C. § 2000e(k).

46. The statute defines religion as follows:  "The term 'religion' includes all aspects of religious observance and practice, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." (42 U.S.C. § 2000e)j).)

47. Title VII thus requires employers to accommodate an employee's sincerely held religious belief, observance, or practice unless the employer can demonstrate that the accommodation would cause an undue hardship.

48. Plaintiff's request for a religious exemption from being vaccinated against COVID-19 was an exercise of her faith, rather than an attempt to avoid being vaccinated for a non-religious reason.

49. Therefore, plaintiff sincerely holds her professed religious beliefs.

50. Title VII thus requires Defendant to accommodate Plaintiff's sincerely held religious beliefs on the subject unless it would cause an undue hardship.

51. Accommodation of Plaintiff's sincerely held religious beliefs does not impose an undue hardship must under the particular factual context of this case.

52. Accommodating Plaintiff does not create a genuine safety or security risk.

53. Defendant terminated Plaintiff on November 1, 2021 solely for failing to vaccinate against the Covid-19 virus, despite Plaintiff timely completing and filing a religious exemption.

54. Defendant thereby discriminated against Plaintiff on the basis of her religion in violation of 42 U.S.C. § 2000(e)-2 by terminating her on November 1, 2021.

55. As a direct and proximate result of the discriminatory termination, plaintiff has suffered damages that have not been or could not have been remedied by the union/administrative process and thus Plaintiff is entitled to fair and just compensation, including compensation to make her whole, including prejudgment interest on her backpay award, remuneration for loss of enjoyment of life, severe

physical and emotional pain and suffering, embarrassment, humiliation and anxiety in the past, present and future.

56. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000-e(5)(k).

57. Plaintiff is also seeking an award of punitive or exemplary damages due to defendant's intentional acts of religious discrimination.

WHEREFORE, for the reasons stated herein, plaintiff Sheri Duhme, requests this court enter judgment in her favor and against defendant, Rock Island County, Illinois, in an amount in excess of $75,000, plus the costs of this action, including reasonable attorneys' fees, as well as all other relief appropriate under the circumstances.

ALEXANDRA SANCHEZ, DEANNA
BRUMBAUGH, DIANA ALLEN and
SHERI DUHME, Plaintiffs

By:____/s/ John F. Doak_____
    John F. Doak (ARDC # 6204122)

For:
KATZ NOWINSKI P.C.
Attorneys for Plaintiffs
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone:  309-797-3000
Fax:  309-797-2167
jdoak@katzlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the 16th day of October, 2023 by electronic service through the Court's ECF System to the attorneys of record.

 /s/ John F. Doak
KATZ NOWINSKI P.C.
Attorneys for Plaintiffs
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone:  309/797-3000
Fax:  309/797-2167
E-mail: jdoak@katzlawfirm.com