UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ALEXANDRA SANCHEZ, DEANNA BRUMBAUGH, DIANA ALLEN, and SHERI DUHME, | ) ) ) ) | |
| Plaintiffs,[1] | ) ) | |
| v. | ) ) | Case No. 4:23-cv-04007-SLD-JEH |
| ROCK ISLAND COUNTY HEALTH DEPARTMENT and ROCK ISLAND COUNTY, ILLINOIS, | ) ) ) ) | |
| Defendants. | ) | |

ORDER

Before the Court are Defendant Rock Island County, Illinois's ("the County") Motion to Dismiss, ECF No. 28, and Motion for Leave to File a Reply Brief in Support of its Motion to Dismiss, ECF No. 30. For the reasons that follow, the motions are DENIED.

**BACKGROUND**

Plaintiffs Alexandra Sanchez, Deanna Brumbaugh, Diana Allen, and Sheri Duhme all filed separate complaints alleging that the Rock Island County Health Department ("RICHD") violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, by failing to accommodate their religious beliefs through granting them exceptions from a COVID-19 vaccination requirement and by terminating them for failing to get vaccinated. The cases were consolidated into this case. *See* Feb. 9, 2023 Text Order; Feb. 3, 2023 Order, *Brumbaugh v. Rock Island Cnty. Health Dep't*, 4:23-cv-04020-SLD-JEH, ECF No. 3 (Hawley,

---

[1] This is a consolidated case but Plaintiffs have now filed one Amended Complaint in this lead case that asserts all four Plaintiffs' claims. *See generally* Am. Compl., ECF No. 27. Both Defendant Rock Island County, Illinois and Plaintiffs caption the case this way in their motion to dismiss briefing, so the Court does as well.

M.J.); May 3, 2023 Order, *Allen v. Rock Island Cnty. Health Dep't*, 4:23-cv-04066-SLD-JEH,

ECF No. 3 (Hawley, M.J.); May 3, 2023 Order, *Duhme v. Rock Island Cnty. Health Dep't*, 4:23-

cv-04067-SLD-JEH, ECF No. 3 (Hawley, M.J.).  This Court subsequently denied RICHD's

motion to dismiss the cases, finding that Plaintiffs' claims were not barred by *res judicata* and

that Plaintiffs stated claims for religious discrimination under Title VII.  Aug. 9, 2023 Order 11,

13–15, ECF No. 16.

Plaintiffs then moved for leave to file an amended complaint.  Contested Mot. Leave to

File Am. Compl., ECF No. 22.  As relevant here, they sought to add the County as a Defendant

on all of their claims.  *Id.* at 1.  RICHD resisted amendment, RICHD Resp. Mot. Leave, ECF No.

23, and the County filed a response in opposition as an "Intervener and Proposed Defendant,"

County Resp. Mot. Leave 2, ECF No. 25.  U.S. Magistrate Judge Jonathan Hawley struck the

County's response, finding that it had no standing to challenge Plaintiffs' motion before it was a

party to the case.  Nov. 8, 2023 Order 4–5, ECF No. 26 (Hawley, M.J.).  He rejected RICHD's

arguments against amendment and granted the motion.  *Id.* at 5–6.

The Amended Complaint contains eight counts.  The first four counts are each Plaintiff's

Title VII religious discrimination claim against RICHD.  Am. Compl. 2–29, ECF No. 27.  The

last four counts are each Plaintiff's Title VII religious discrimination claim against the County.

*Id.* at 29–63.  As far as the Court can tell, the counts against the County contain the allegations

included in each Plaintiff's count against RICHD—in other words, every allegation in Sanchez's

count I against RICHD is also included in her count V against the County—and a few additional

allegations that relate to whether the County can be considered Plaintiffs' joint employer.  *See,*

*e.g.*, *id.* at 29–30 (alleging that the County "stipulated in the union grievance proceedings for

Plaintiff that it was a joint employer" and that the County and RICHD "are associated with respect to Plaintiff's employment").

The County moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs fail to state a claim upon which relief can be granted "because [they do] not actually allege the County did anything." Mot. Dismiss 3.

## DISCUSSION

### I.   Motion for Leave to File a Reply

For all motions other than summary judgment, "[n]o reply to the response is permitted without leave of Court." Civil LR 7.1(B)(3). "Typically, reply briefs are permitted if the party opposing a motion has introduced new and unexpected issues in his response to the motion, and the Court finds that a reply from the moving party would be helpful to its disposition of the motion . . . ." *Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011). A court may also permit a reply "in the interest of completeness." *Zhan v. Hogan*, Case No. 4:18-cv-04126-SLD-JEH, 2018 WL 9877970, at *2 (C.D. Ill. Dec. 18, 2018) (quotation marks omitted).

The County seeks leave to file a reply because Plaintiffs "allege additional facts which were not present in the petition and raise arguments which are not wholly addressed by the County's original motion." Mot. Leave File Reply 1. The Court finds it unnecessary to address Plaintiffs' additional facts, so it has no need to consider the County's new arguments. Accordingly, the motion for leave to file a reply is DENIED.

II.    **Motion to Dismiss**

A.  **Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the motion to dismiss stage, the key inquiry is whether the complaint is "sufficient to provide the defendant with 'fair notice' of the plaintiff's claim and its basis." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). While "detailed factual allegations are unnecessary, the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'" *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

B.  **Analysis**

Title VII prohibits employers from discriminating against individuals "with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1); *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013). "For purposes of Title VII an employee can have more than one employer." *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 905 (7th Cir. 2018). "An entity can be an indirect employer or a joint employer or have some other complex combined relationship with an employee." *Id.* To determine whether an entity qualifies as the plaintiff's employer, the court considers factors like the extent of the entity's "control and supervision over the employee," the entity's "responsibility for the costs of operation," and "the method and form of payment and benefits." *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701–02 (7th Cir. 2015). But simply "establishing a joint employer relationship does not create liability in the co-employer for actions taken by the other employer." *Whitaker v. Milwaukee*

*County*, 772 F.3d 802, 811 (7th Cir. 2014) (quotation marks omitted).  A co-employer is only liable if it "participate[s] in the alleged discriminatory conduct or fail[s] to take corrective measures within its control."  *Id.* at 812.

The County does *not* argue that Plaintiffs have failed to include sufficient allegations regarding whether it is a joint employer with RICHD.  *See* Mot. Dismiss 3–4.  Instead, it argues that "Plaintiffs' Amended Complaint does not allege that the County actively participated in the allegedly discriminatory acts, and it does not allege that the County failed to undertake a corrective measure within its control."  *Id.* at 6.  It then goes on to make an extended argument about how under Illinois law, the County "does not—and cannot—exercise day-to-day control over the board of health's employees" and "could not direct the Health Department's management to take any particular course of action as to Plaintiffs' employment."  *Id.* at 6–8. Plaintiffs respond that they have alleged that facts they allege give rise to the County's liability because they allege that the County "terminated [them] and thereby discriminated against [them] in violation of Title VII."  Resp. Mot. Dismiss ¶¶ 4–6, ECF No. 29.  Plaintiffs then go onto make an argument, citing to new evidence they received from initial disclosures, that "the precise contours of the employment relationship between . . . Plaintiffs, [RICHD] and the County" is a factual question that should not be decided on a motion to dismiss.  *Id.* ¶¶ 13–26.

The Court need not wade into evidence not cited in the complaint or legal arguments regarding the County's powers over RICHD under state law.  The Seventh Circuit has repeatedly held that the pleading standard for employment discrimination cases is not rigorous.  *See, e.g.*, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013).  "[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the

5

basis of [a protected characteristic]." *Id.* (quotation marks omitted).  An employment

discrimination complaint "merely needs to give the defendant sufficient notice to enable him to

begin to investigate and prepare a defense." *Id.* (quotation marks omitted).

There can be no question that the Amended Complaint includes the type of

discrimination Plaintiffs think occurred, by whom, and when.  *See Huri v. Off. of the Chief Judge*

*of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015) ("[T]he type of discrimination

the plaintiff th[inks] occurred, by whom, . . . and when [is] all [the plaintiff] need[s] to put in her

complaint." (third and fifth alterations in original) (quotation marks omitted)).   They all allege

that the County "terminated [them] on November 1, 2021" on the basis of their religions—and

more specifically because they failed to get the COVID-19 vaccination "despite . . . timely

completing and filing a religious exemption."  *See* Am. Compl. 37 ("Defendant . . . discriminated

against [Sanchez] on the basis of her religion . . . by terminating her on November 1, 2021."); *id.*

at 46 (same allegation regarding Brumbaugh's termination); *id.* at 54 (same allegation regarding

Allen's termination); *id.* at 62 (same allegation regarding Duhme's termination).  Plaintiffs also

allege that the County "fully participated in the grievance procedure" leading up to their

terminations.  *See id.* at 30, 39, 48, 56.  This is more than sufficient to put the County on notice

that Plaintiffs are alleging that it terminated them because of their religions.  Absent any

argument from the County that Plaintiffs have not sufficiently alleged facts to support that the

County can be considered Plaintiffs' employer, the Court fails to see how it could find that

Plaintiffs have not stated Title VII religious discrimination claims.

Perhaps the County meant to argue that Plaintiffs have pleaded themselves out of court

because their factual allegations show that RICHD was the entity that terminated them, not the

County.  *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("If the plaintiff

voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief.").  But that is not what it argued.  And, regardless, nothing about Plaintiffs' more detailed factual allegations about their interactions with RICHD— *i.e.,* that RICHD's Public Health Administrator informed them of a COVID-19 vaccine requirement, that they submitted their exemption requests to her, that RICHD issued a discipline report, even that RICHD terminated them, *see, e.g.*, Am. Compl. 41–44—is on its face inconsistent with the County also participating in and being responsible for terminating Plaintiffs.  Further factual development may show that the County was not responsible for terminating Plaintiffs, but that is an issue for summary judgment.

## CONCLUSION

Accordingly, Defendant Rock Island County, Illinois's Motion to Dismiss, ECF No. 28, and Motion for Leave to File a Reply Brief in Support of its Motion to Dismiss, ECF No. 30, are DENIED.  Rock Island County, Illinois must file an answer within 14 days.  Fed. R. Civ. P. 12(a)(4)(A).

Entered this 20th day of September, 2024.

s/ Sara Darrow
_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
